## DAVIS *vs.* McARTHUR.

If an original writ be indorsed with the name of the plaintiff " *by A. B. his attorney,"* the attorney is personally liable for the costs, under *Stat.* 1821, *ch.* 59. *sec.* 8.

The reference, by rule of Court, of an action pending, does not affect the liability of the indorser of the original writ.

THIS was a writ of *scire facias* against the defendant as indorser of an original writ in favor of one *Wentworth* against the present plaintiff. It was indorsed thus ;—" *George Wentworth,* by *Arthur McArthur* his Attorney." The original action, while pending, was submitted to a referee, upon whose report judgment was rendered in favor of *Davis,* the now plaintiff.

The defendant pleaded that he never indorsed the writ as alleged ; and a verdict was taken for the plaintiff in the Court below, and exceptions filed *pro forma,* that the effect of such an indorsement might be settled in this Court.

*Greenleaf,* in support of the exceptions, contended that the indorsement was that of *Wentworth,* by his agent *McArthur.* It was in the form in which every agent should subscribe the name of his principal, and could not be distinguished from the other cases of the execution of delegated authority. *Long v. Colburn* 11 *Mass.* 97. *White v. Cuyler* 6 *D. & E.* 176. *Stinchfield v. Little* 1 *Greenl.* 231. The only question is, whether the defendant was sufficiently authorized to indorse his client's name on the original

writ ;—and this, it was argued, came as fairly within the scope of his powers, as the signing of any other paper in the regular course of legal proceedings.

But if the attorney was originally liable by this form of indorsement, yet this liability cannot reasonably be extended to cases not prosecuted according to the course of the common law. And such was the present case. It was taken from the legal tribunal, and committed to one of enlarged equitable jurisdiction, to which the indorser never intended to become a party, and by which transfer he ought to be discharged, at least of all costs subsequently accrued.

*Morgan,* for the plaintiff, cited and relied on the case of the *Middlesex turnpike corporation v. Tufts* 8 *Mass.* 266, as decisive of the liability of the attorney ;—and he contended that the costs of reference could not now be separated from those accruing in Court, they being all involved in one sum in the judgment, which fixed the amount for which the indorser was conditionally responsible.

WESTON J. delivered the opinion of the Court.

The statute of 1821, *ch.* 59. *sec.* 8. prescribes that original writs shall be indorsed by the plaintiff or plaintiffs, or one of them, " if he or they are inhabitants of this State, or by his or their agent or attorney, being an inhabitant thereof." And the plaintiff's agent or attorney, thus indorsing, in the case of the avoidance or inability of the plaintiff, is made liable to pay the defendant all such costs as he may recover, and all prison charges ; where the plaintiff shall not support his action. In the case before us the original writ was indorsed, " *George Wentworth,* by *Arthur McArthur,* his attorney." The term agent or attorney supposes and implies a principal, acting by substitution. The attorney, by naming his principal, and professing to act for him, does not exonerate himself from the conditional liability, which the statute imposes. He is presumed to know the law and the obligation he assumes, by indorsing the original writ, in the character of attorney. The defendant thereby acquires the right ultimately to look to him, if he should fail of his remedy against the plaintiff.

The defendant in the present case, having put his name upon the writ as attorney to the original plaintiff, has, in the opinion of the Court, made himself liable as indorser. The case of *Middlesex turnpike corporation v. Tufts* 8 *Mass.* 266, cannot be distinguished in principle from the one before us.

The reference of actions pending, by agreement of the parties, under a rule of Court, has become a very common practice in judicial proceedings. It is usually attended with less expense to the parties litigant. A hearing may be had in the neighborhood of the parties and witnesses, and the attendance of the latter is seldom required for more than a single day ; although where a cause is to be submitted to a jury, the time when it may come on for trial being uncertain, their attendance for many days is not unfrequently necessary. The indorser is liable for costs generally ; and such as arise under a rule of Court are regularly taxable, in favor of the prevailing party, unless the referees otherwise adjudge.

The exceptions in this case are overruled ; and judgment is to be rendered for the plaintiff.